IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY ANTONELLI,

        CIVIL ACTION NO.

Plaintiff

v.

        JURY TRIAL DEMANDED

YOUTH EDUCATION IN THE
ARTS!, a Pennsylvania
nonprofit corporation, and

VICKI FERRANCE RAY

Defendants

**FILED**

**AUG 29 2019**

KATE BARKMAN, Clerk
By _____ Dep. Clerk

### VERIFIED COMPLAINT

Plaintiff Anthony Antonelli ("**Antonelli**" or "**Plaintiff**") files this Verified Complaint against Defendants Youth Education in the Arts!, a Pennsylvania nonprofit corporation ("**YEA**"), and Vicki Ferrance Ray, an adult individual residing in Pennsylvania ("**Ray**") (YEA and Ray are collectively hereinafter, the "**Defendants**"), and in support thereof alleges as follows:

        **I.**    **NATURE OF THE ACTION**

1. The facts of this matter is a series of mismanagement, negligence, and tortious conduct on the part of Defendants.

2. As a direct result of Defendants' conduct, negligence, breaches duty, and outrageous conduct, Plaintiff has been severely injured and has his future livelihood now in jeopardy.

## II. THE PARTIES

3. The Plaintiff is an adult male individual who is a citizen of the State of Colorado. At all relevant times, the Plaintiff's permanent home residence is located in the State of Colorado, and the business transactions described herein occurred in the Commonwealth of Pennsylvania.

4. Defendant YEA is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania, with an address at 601 W. Hamilton Street, Allentown, Lehigh County, Pennsylvania.

5. Defendant Ray is the Executive Director of YEA and maintains a principal office at YEA's location at 601 W. Hamilton Street, Allentown, Lehigh County, Pennsylvania.

## III. JURISDICTION AND VENUE

6. For diversity jurisdiction purposes, the Plaintiff is a citizen of the State of Colorado and the Defendants are citizens of the Commonwealth of Pennsylvania.

7. This Court has original diversity jurisdiction over this claim pursuant to 28 U.S.C.§ 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 12 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to

John Doe's claims and injuries occurred in the Eastern District of Pennsylvania.

## IV. FACTUAL BACKGROUND

9. YEA operates several performing arts programs, including the The Cadets Drum & Bugle Corps (the "**Cadets**").

10. YEA's mission, by its own account, is to "support the development of young people into magnificent human beings through participation in the performing arts."

11. The Cadets is a world class competitive junior drum and bugle corps and a member of Drum Corps International ("**DCI**"), which is a nonprofit that organizes and sanctions competitive performance events around the United States.

12. The Cadets are ten (10) time DCI Champions.

13. On the Cadets' summer 2019 tour, the Cadets performed in approximately thirty two (32) competitive, DCI-sanctioned performances around the continental United States, traveling approximately twelve thousand (12,000) miles between May and August 2019.

14. The Cadets' production requires two or three 18 wheel tractor trailers, plus four or five buses and various other support vehicles to transport the Cadets' members, kitchen, instruments and props.

15. The Cadets do not carry full time staff to manage the vehicles that are in the Cadets' fleet of vehicles.

16. Plaintiff has worked professionally as a Motorcoach operator and Entertainer Bus Driver with a commercial drivers license (CDL) for over twenty (20) years.

17. Plaintiff has, during the course of his career, worked as a CDL bus driver for many other DCI organizations over the past fifteen (15) years.

18. During March 2019, YEA recruited Plaintiff to work for YEA for the Cadets summer 2019 tour as their transportation director.

19. Plaintiff agreed to accept the transportation director position which YEA offered on or about March 2019.

20. In April 2019, YEA sent Plaintiff a written contract via email, which was an electronic, fillable .pdf form online (the "**YEA Contract**").

21. Plaintiff completed and electronically signed the YEA Contract but was unable to save a copy before it was electronically transmitted back to YEA.

22. The YEA Contract provided that Plaintiff would work as a transportation director for the Cadets for the Summer 2019 Tour.

23. The scope of Plaintiff's duties with YEA and the Cadets included maintenance on the Cadets' busses and various vehicles in Cadets' Fleet.

24. On or about May 22, 2019, YEA flew Plaintiff from Aurora, Colorado to Saginaw, Pennsylvania, which was the location of one of the Cadets extended training camps before their competitive season began.

25. During the time between May 22, 2019 and the date of the injury on June 14, 2019, Plaintiff worked as directed by the Cadets' Director to drive vehicles owned by YEA to pick up and drop off musical instruments, and further traveled to Lancaster, Pennsylvania to retrieve one of the Cadets' Black Entertainer Bus and drove that bus approximately thirty two (32) miles from Lancaster, Pennsylvania to Saginaw, Pennsylvania.

26. Subsequently on May 31, 2019, at the direction of the Cadets' director, Plaintiff drove the Entertainer Bus from Saginaw, Pennsylvania to Ada, Ohio, an approximate five hundred and ten (510) miles, to the location of the Cadets' spring training sessions on the campus of Ohio Northern University ("**ONU**").

27. During Plaintiff's time with the Cadets on the ONU campus, the Cadets provided Plaintiff with a place to sleep and with all his meals. Plaintiff worked for YEA within the scope of his described job duties as provided for in his negotiations.

28. On June 14, 2019, the Cadets Director directed the Plaintiff to paint the roof top air conditioner on one of the Entertainer Busses owned by YEA. The roof of the Entertainer Bus is approximately thirteen (13) feet off of the ground.

29. Up to this incident described herein, Plaintiff was in good health and able bodied.

30. Plaintiff removed one of the 13 foot ladders from a Cadets trailer vehicle. Plaintiff positioned the ladder alongside the Entertainer Bus.

31. On June 14, 2019, the weather at the site was clear and there was no precipitation or water on the ground or on the ladder.

32. The Plaintiff, as directed by Cadets' management, climbed the ladder and painted the air conditioner cover on top of the bus as directed by Cadets' management.

33. As Plaintiff attempted to climb down from the bus roof, the ladder moved unexpectedly and Plaintiff fell down the ladder. His right leg was caught by one of the rungs of the ladder, while Plaintiff continued to fall to the ground. Among other injuries, Plaintiff sustained a broken right tibia, broken right fibula and shattered his right ankle.

34. One of the Cadets employees drove Plaintiff to the hospital, where tests quickly revealed the seriousness of his injuries.

35. The following day, the Plaintiff had to endure a 4 and 1/2 hour surgery at Lima Memorial Hospital in Lima, Ohio to install a metal rod to stabilize his lower leg, inserted under the knee cap, as well as two plates (one on the medial side and one on the lateral side) of his right ankle. The doctors advised Plaintiff that the hardware in his right leg and on each side of his right ankle will not be removed; the hardware is installed permanently.

36. Following his arrival at the hospital, at no time did anyone from YEA or the Cadets attempt to visit or contact Plaintiff to even inquire as to how he was feeling, or whether he needed assistance of any kind. He was abandoned, seriously injured, in significant pain and alone at a hospital 1200 miles from his home. YEA and the Cadets

provided no support to Plaintiff whatsoever.

37. Plaintiff will require months if not years of physical therapy to attempt to heal from his injuries.

## COUNT I:
## Breach of Contract
## Antonelli v. YEA

38. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 above as though each were set forth fully herein.

39. A contract existed between Plaintiff and Defendant YEA.

40. The contract imposed a duty on Defendant YEA to pay Plaintiff for his labor.

41. Defendant YEA has breached that duty by refusing to compensate Plaintiff for his work.

42. Plaintiff has been damaged directly by Defendant YEA's willful breach of contract.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendant YEA for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to prejudgment interest, attorney's fees, expenses, costs and any other appropriate relief.

## COUNT II:
## Quantum Meruit/Unjust Enrichment
## Antonelli v. YEA

43. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42 above as though each were set forth fully herein.

44. The labor and efforts of Plaintiff conferred a benefit on the Defendant YEA.

45. Defendant YEA received and appreciated the benefits of Plaintiff's labor and efforts.

46. The acceptance and retention of such benefits under the circumstances presented hereby should render it inequitable for Defendant YEA to retain such benefits with payment of value.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendant YEA for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to prejudgment interest, attorney's fees, expenses, costs and any other appropriate relief.

## COUNT III:
**Pennsylvania Wage Payment and Collection Law 43 P.S. s.260.1, *et seq.*
Antonelli v. YEA and Ray**

47. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45 above as though each were set forth fully herein.

48. Defendant YEA recruited and extended an offer of employment to Plaintiff, which Plaintiff accepted.

49. Defendant YEA paid for air transportation to bring Plaintiff from his home in Colorado to a worksite in Pennsylvania.

50. Defendant YEA did direct Plaintiff to engage in activities within the scope of his work as described in the web based contract that Defendant YEA provided to Plaintiff.

51. Plaintiff did in fact begin working for Defendant YEA as directed by YEA management.

52. Plaintiff was contractually entitled to compensation from wages which Defendant YEA has refused to pay.

53. Defendant YEA has refused to pay Plaintiff any compensation whatsoever.

54. Defendant YEA is an "employer" as that term is used in the Pennsylvania Wage Payment and Collection Law. ("**WPCL**").

55. The WPCL authorizes a twenty five percent (25%) liquidated damages penalty in addition to unpaid wages.

56. Defendant Ray, as the chief executive of Defendant YEA, is personally liable for unpaid wages in violation of the WPCL.

57. Additionally, the WPCL unambiguously states that the "court…shall, in addition to any judgment awarded to the Plaintiff, allow costs for attorneys fees. *43 P.S. § 260.9a(f)*.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendant YEA and Defendant Ray for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to prejudgment interest, attorney's fees, expenses, costs and any other appropriate relief.

## COUNT IV:
### Promissory Estoppel
### Antonelli v. YEA

58. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57 above as though each were set forth fully herein.

59. Defendant YEA made a promise of compensation to Plaintiff that Defendant YEA should have reasonably expected would induce action or forbearance on Plaintiff's part.

60.     In response to Defendant YEA's promises, Plaintiff declined other employment opportunities to work for Defendant YEA and accepted the Defendant YEA's offer of employment and traveled from Colorado to Pennsylvania.

61.     Injustice can be avoided by enforcing the Defendant YEA's promises.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendant YEA for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to prejudgment interest, attorney's fees, expenses, costs and any other appropriate relief.

## COUNT V:
### Negligence

62.     The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61 above as though each were set forth fully herein.

63.     Defendant YEA had a duty to provide a safe environment for its contractors and volunteers.

64.     Defendant YEA breached that duty by failing to provide safety equipment or supervision to Plaintiff.

65.     Plaintiff was severely injured as a direct result of Defendant YEA's breach of duty.

66.     As a result of Plaintiff's injuries, he has incurred significant pain and suffering, as well as medical bills for past surgeries and treatments as well ongoing therapy.

67. The failure and breach of duty by Defendant YEA is so outrageous as to warrant punitive damages.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendant YEA for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to prejudgment interest, attorney's fees, expenses, costs and any other appropriate relief.

## COUNT VI:
### Negligent Infliction of Emotional Distress

68. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 67 above as though each were set forth fully herein.

69. Following Plaintiff's injury, agents of the Defendant YEA transported Plaintiff to the hospital.

70. Defendant YEA had a contractual and/or fiduciary duty to Plaintiff following his injury and admittance to Lima Hospital in Lima, Ohio.

71. Defendant YEA disavowed any responsibility for Plaintiff once he was at the hospital, which is approximately 1,200 miles from his home in Colorado.

72. Defendant YEA refused to return any calls or inquires from Plaintiff during his hospital stay.

73. Defendant YEA's actions are outrageous and warrant the imposition of punitive damages.

**WHEREFORE**, Plaintiff demands Judgment in his favor and against Defendant YEA for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand Dollars

($75,000.00), in addition to prejudgment interest, attorney's fees, expenses, costs and any other appropriate relief.

### Demand for Jury Trial

Plaintiff respectfully requests and demands a jury trial on all issues so triable.

Date: August 28, 2019

Respectfully Submitted,

BY: _____
J. Bryan Tuk, Esq.
Attorney ID 85718
bryan@tuklaw.com
Tuk Law Offices
PO Box 638
Kennett Square, PA 19348
(610) 393-6763

*Attorney for Plaintiff*

## VERIFICATION

I, Anthony Antonelli, verify that I have read the foregoing Complaint and verify that all of the facts set forth therein are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 8-19-2019

Anthony Antonelli